**UNITED STATES of America, Plaintiff–Appellant,**

v.

**William C. NORRIS, Defendant–Appellee.**

No. 93–3027.

United States Court of Appeals, Seventh Circuit.

Argued May 12, 1994.

Decided Sept. 7, 1994.

Ruth Hennage, Office of U.S. Atty., South Bend, IN (argued), for plaintiff-appellant.

Charles A. Asher, South Bend, IN (argued), for defendant-appellee.

Before BAUER, COFFEY, and MANION, Circuit Judges.

BAUER, Circuit Judge.

The government charged William Norris with a scheme to defraud cable television companies of revenues by selling equipment that allowed subscribers to the cable service provided by these companies to receive certain programming without paying for it. It alleged that Norris tinkered with the companies' converter boxes so that subscribers could receive "premium" programming unbeknownst to the companies. In doing so, Norris was alleged to have violated mail and wire fraud statutes, 18 U.S.C. §§ 1341, 1343, and the statute prohibiting the unauthorized decryption of satellite cable programming, 47 U.S.C. § 605(e)(4).

Cable television companies offer different levels of service and charge different fees for each level. These different service levels are distinguished by the number and quality of channels available to the subscribers. To preclude subscribers to a lower service level from receiving cable channels for which they have not paid, the cable companies scramble

their signals and provide subscribers with converter boxes appropriately adjusted so that the subscribers receive only the channels for which they have paid.

The government alleges the following: Norris purchased converter boxes and the necessary components to enable a converter box to decode scrambled signals and permit a subscriber to receive higher levels of service without paying for them. He then sold these altered converter boxes to the public at large; Norris also sold kits to modify converter boxes with instructions to perform the modifications. In addition, Norris attempted to cover his tracks by, among other things, removing and reinstalling security tabs on converter boxes and permanently removing their serial numbers. To facilitate his business, he shipped his products via the United States Mail and the United Parcel Service, received payments via the United States Mail, conducted transactions using a facsimile machine, and advertised in national publications.

A grand jury returned a fifteen-count indictment against Norris. The indictment charged nine counts of wire fraud, one count of mail fraud, and five counts of facilitating the unauthorized decryption of satellite cable programming. Norris moved the district court to dismiss the indictment and for a bill of particulars. The district court denied his motion to dismiss with respect to the mail and wire fraud counts and denied the bill of particulars. The district court, however, granted Norris' motion to dismiss the five counts of the indictment charging the unauthorized decryption of satellite cable programming. The government appeals this latter order.

The indictment included, in an introductory section, an expanded version of the facts that we briefly recounted above. In addition, counts 11–15 alleged that Norris:

did manufacture, assemble, modify, sell and distribute an electronic, mechanical or other device or equipment, knowing or having reason to know that the device or equipment was primarily of assistance in the unauthorized decryption of satellite cable programming in that defendant manufactured, assembled, modified, sold and distributed a ... converter box; In violation of Title 47, United States Code, Section 605(e)(4).

This allegation largely tracked the language of part of section 605(e)(4). Norris argued in the district court and now to this court that these counts of the indictment do not align with his alleged conduct, the unauthorized interception of cable transmissions over coaxial cable. He acknowledges that there are statutes that might apply to such conduct, but that this language from 47 U.S.C. § 605(e)(4) does not.

The government responded with two arguments. First, that the "unauthorized decryption of satellite cable programming" language in section 605(e)(4) has historically applied to Norris' alleged conduct. In the alternative, the government argued that if this part of section 605(e)(4) does not apply, the mere mention of section 605(e)(4) invokes any conduct that might violate the whole of section 605(e)(4). Language in section 605(e)(4) (not tracked by the indictment, however) indicates that section 605(e)(4) is violated if section 605(a) is violated; section 605(a) prohibits the facilitation of unauthorized interception of radio communications. The government argues that cable television is transmitted as radio signals over coaxial cable and that Norris allegedly facilitated the interception of these radio signals over coaxial cable. This conduct, then, violated section 605(a) and, consequently, section 605(e)(4).

After performing an extensive analysis of section 605(e)(4) and its interaction with the Cable Communications Act of 1984, subsequent revisions to the Act, and other legislation, the district court agreed with Norris and dismissed counts 11–15. The court held that because intercepting cable transmissions over coaxial cable is not theft of satellite cable programming proscribed by section 605(e)(4) and charged in the indictment, the indictment is insufficient. The court continued, however, and considered the government's alternative argument. The district court determined that this argument also failed because section 605(a) does not apply to the unauthorized interception of cable transmissions over coaxial cable.

This is the point at which this case takes a strange turn. The government appealed this order, but does not contest the district court's decision that Norris' conduct does not represent the unauthorized decryption of satellite cable programming. Rather, the government argues that the district court erred in deciding that conduct such as Norris' does not violate section 605(a). At oral argument, the government admitted that its indictment was defective and that it should have attempted to reindict Norris. But, the government believed that to reindict under sections 605(a) and 605(e)(4) after he had already ruled that section 605(a) was not applicable to Norris' conduct would have antagonized the district judge. Instead, the government hoped that we would remove its feet from the fire and decide that very issue. We cannot resolve this issue, however, and if the government wants to seek a conviction upon these grounds, it will have to return to the inferno to obtain a superseding indictment and properly charge Norris under Title 47.

In making its argument, the government has lost focus as to what is properly before this court. The principle issue raised by Norris' motion to dismiss counts 11–15 of the indictment was whether the indictment sufficiently alleged conduct prohibited by the statute specifically stated in the indictment. Put another way, the issue is whether Norris' alleged conduct violates section 605(e)(4)'s proscription against "the unauthorized decryption of satellite cable programming." An issue never properly before the district court was whether the unauthorized reception of cable transmissions over coaxial cable constituted the unauthorized reception of radio transmissions pursuant to sections 605(e)(4) and 605(a). While it is quite likely that the district judge analyzed this issue with great care and insight, only the "satellite cable programming" issue was properly presented to it.

■ We turn then to the sufficiency of the indictment with respect to counts 11–15. To properly proceed with a prosecution, the government must allege conduct violative of a federal statute. That is to say, the conduct upon which the government seeks to convict the defendant must be the conduct proscribed by the statute *stated in the indictment.* The government is precluded from broadening the indictment to include additional bases on which a conviction may rest. *United States v. Miller,* 471 U.S. 130, 138, 105 S.Ct. 1811, 1816, 85 L.Ed.2d 99 (1985). For the purposes of this case, the indictment must reference a statute, either by tracking the language or citing it specifically, that proscribes Norris' alleged conduct, or it must be dismissed. *See United States v. Leichtnam,* 948 F.2d 370, 377–79 (7th Cir.1991).

■ But the government does not challenge on appeal the district court's holding that Norris' conduct is not equivalent with "the unauthorized decryption of satellite cable programming." Indeed, the district court's memorandum and order offers an excellent examination of this issue and firm support for its conclusion. *United States v. Norris,* 833 F.Supp. 1392, 1398–99 (N.D.Ind. 1993). Taking the broadest view of the government's argument on appeal in terms of the issue of the sufficiency of the indictment, however, the government argues that the mere mention of section 605(e)(4) in these counts is enough to invoke section 605(a). This contention falls well short of the requirement that the basis for conviction be "clearly and fully set out in the indictment." *See Miller,* 471 U.S. at 136, 105 S.Ct. at 1815. To attempt to convict Norris for violating section 605(a) would represent an unconstitutional broadening of his indictment.

Having determined that this part of the indictment of Norris is deficient, we have decided the case before us. The government, however, asks that we offer guidance to them with respect to whether Norris' conduct is proscribed by section 605(a). Understandably, the government wants to know whether, upon seeking a superseding indictment, it can proceed under this section or whether it is relegated to prosecute Norris under section 553, which provides for significantly lower penalties. The government must answer this question on its own. We decline to address this issue because it was not properly before the district court.

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion

of the courts of appeals, to be exercised on the facts of the individual cases." *Singleton v. Wulff,* 428 U.S. 106, 121, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1975). In this case, we decline the government's invitation to speak to this complex issue for the first time on appeal. The issue was not fully briefed by both sides and neither side will be prejudiced by our decision to refrain from deciding the issue. This is the type of issue that might turn on an exhaustive review of legislative history, as well as some very technical evidence. Provided the government decides to reindict under section 605(a), both parties will be better served by fully presenting their arguments regarding this section's applicability to the district court.

For the foregoing reasons, the district court's order dismissing counts 11–15 of the indictment is

AFFIRMED.